IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDREW JACKSON SMITH,        :
AIS# 228252,

        :

    Plaintiff,

        :

vs.                            CIVIL ACTION 07-00268-CG-B

        :

TROY KING, *et al.*,

        :

    Defendants.

        :


## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that Plaintiff's action be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims either fail to state a claim upon relief can be granted or are frivolous.

**I.  Amended Complaint (Doc. 6).**

Upon review of Plaintiff's initial Complaint, the Court ordered Plaintiff to file an amended Complaint on the Court's form for an action under 42 U.S.C. § 1983. Plaintiff was warned that his amended Complaint would supersede his prior Complaint; thus, he should not reference his initial Complaint. (Doc. 5). In his amended Complaint, Plaintiff named numerous Defendants who were

allegedly involved in the criminal proceedings that led to
Plaintiff's conviction for reckless manslaughter on March 17, 2003,
and resulting thirty-year prison sentence.  (Doc. 6 at 5).  In a
brief description of his claims, Plaintiff alleges as follows:

> D.A. John Tysons office, in conjunction with
> Det. Curtis Graves and the Mobile Police Dept
> did conspire to frame the plaintiff; Andrew
> Smith, an actual and absolutely innocent person
> for the murder of Celeste Phillips, while
> refusing to indict David LeNose; whom all the
> evidence overwhelmingly pointed to as the
> culprit of the crime.  The court continues to
> facilitate the wrongful incarceration of the
> plaintiff.

(Id. at 3).  In addition to this brief statement, Plaintiff also
asserts additional allegations against each Defendant.  Most of the
allegations are vague and difficult to decipher.  Notwithstanding,
the Court has attempted to discern the claims Plaintiff is
attempting to raise against each Defendant.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court
is required to review his amended Complaint (Doc. 6) under 28 U.S.C.
§ 1915(e)(2)(B).[1]  Under 28 U.S.C. § 1915 (e)(2)(B), a claim may be
dismissed as "frivolous where it lacks an arguable basis in law or

---

[1]The frivolity and the failure-to-state-a-claim analysis
contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827
(1989), was unaltered when Congress enacted 28 U.S.C. §
1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349
(11th Cir.), cert. denied, 534 U.S. 1044 (2001). However,
dismissal is now mandatory under § 1915(e)(2)(B).  Bilal, 251
F.3d at 1348-49.

fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, <u>inter alia</u>, the defendants are immune from suit, <u>id.</u> at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. <u>Id.</u> Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Id.</u>

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. <u>See</u> <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" <u>Id.</u> at 555, 127 S.Ct. at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" <u>Id.</u> at 558, 127 S.Ct. at 1966 (second brackets in original). "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief. <u>Id.</u> at 555, 127

S.Ct. at 1965.  Additionally, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

In an action brought by a *pro se* litigant, his allegations are given a liberal construction by the Court.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than the those of an attorney).  However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro* se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III.  Discussion.

### A.  Conspiracy Claim.

In Plaintiff's general description, he asserts that "D.A. John Tysons office, in conjunction with Det. Curtis Graves and the Mobile Police Dept did conspire to frame the plaintiff. . . ." (Doc. 6 at 3).  Plaintiff also alleges that several other individual Defendants "conspired" to frame him for the crime, i.e., Defendants Katrina Brewer, Enstice, Faron Brewer, Levy, Tasone, Ryan, and Dr. Janovski.

4

(<u>Id.</u> at 7-8).  Plaintiff identifies the above referenced persons as a 911 supervisor, pathologist, DNA expert, paramedic, apartment security guard, babysitter, and physician in private practice, respectively.  Plaintiff's allegations are not sufficient to state a conspiracy claim.

In order to establish a § 1983 conspiracy, "a plaintiff must show among other things, that the defendants 'reached an understanding to violate [his] rights.'"  <u>Rowe v. Fort Lauderdale</u>, 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original).  "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality. . . . [T]hey must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action."  <u>Twombly</u>, 550 U.S. at 557, 127 S.Ct. at 1966.  In this case, Plaintiff has not alleged an understanding or agreement between the Defendants or offered any facts which suggest a plausible conspiracy claim.  Plaintiff's mention of the word "conspired" falls way short of stating  a conspiracy claim upon which relief can be granted.   This type of conspiracy allegation is vague and conclusory as no facts are provided to show any communication between any of these Defendants.  Accordingly, Plaintiff's conspiracy claim is due to be dismissed.  <u>See</u> <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory

fails to state a claim upon which relief can be granted).

**B. Plaintiff's Claims against Individual Defendants**

**1. Application of <u>Heck v. Humphrey</u> Decision.**

There is nothing in Plaintiff's amended Complaint which indicates that his conviction has been invalidated. (<u>Id.</u> at 5-6). In fact, a search of the Court's records reveal that Plaintiff was unsuccessful in challenging his manslaughter conviction in a habeas corpus action before this Court. <u>See</u> <u>Smith v. Deville</u>, CA 08-0150-CG-M (S.D. Ala. July 21, 2008) (denying Plaintiff's habeas petition as being barred by the one-year statute of limitations).[2] (Docs. 14, 15, 16).

Throughout his amended Complaint, Plaintiff suggests that he would not have been convicted of a crime if the alleged constitutional violation or action had not occurred. Claims of this nature are governed by the U.S. Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994). In <u>Heck</u>, the Court held that a damages claim in a § 1983 action, that would have had the effect of invalidating an outstanding conviction or sentence if the Court was to rule favorably on it, was not allowed to proceed until the underlying conviction or sentence had been invalidated. The Court reasoned that until the conviction or sentence was

---

[2]The Court takes judicial notice of its records. <u>ITT Rayonier, Inc. v. United States</u>, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).

6

invalidated, no cause of action existed.  Id. at 486-87, 114 S.Ct.
at 2372-73.  The Heck Court analogized the claim before it to a
common-law cause of action for malicious prosecution, which requires
that the accused prove the termination of the prior criminal
proceeding in his favor.  Id. at 484, 114 S.Ct. at 2371.  Thus, the
Court ruled that

> in order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or
> for other harm caused by actions whose
> unlawfulness would render a conviction or
> sentence invalid, (footnote omitted), a § 1983
> plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid
> by a state tribunal authorized to make such
> determination, or called into question by a
> federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254.

Id. at 486-87, 114 S.Ct. at 2372-73.

Because the record evidence establishes that Plaintiff's
conviction has not been invalidated in a manner prescribed by Heck,
any damage claim by Plaintiff, on which a favorable ruling by this
Court would invalidate his conviction or sentence, is precluded by
the Heck bar.

**2.  Availability of Non-Heck Bars.**

Those claims that are not barred by Heck, because a favorable
ruling on them would not have the effect of invalidating Plaintiff's
conviction, may be barred for other reasons, such as the two-year
statute of limitation for a § 1983 action.  In Alabama, the statute
of limitations for a § 1983 action is two years.  Lufkin v.

7

McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506
U.S. 917 (1992); ALA. CODE § 6-2-38(l).   Even though state law
determines the length of the limitations period, federal law governs
when the statute of limitations begins to run, that is, when the
cause of action accrues.   Wallace v. Kato, 549 U.S. 384, 388, 127
S.Ct. 1091, 1095 (2007).   Under federal law, "'[accrual occurs] when
the plaintiff has 'a complete and present cause of action' . . .
that is, 'when plaintiff can file suit and obtain relief.'"
Id. (brackets in original) (citations omitted).   A claim barred by
the statute of limitations may be dismissed prior to service process
under § 1915(e)(2)(B).   Clark v. Georgia Pardons & Paroles Bd., 915
F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense,
such as the statute of limitations, would defeat a claim, the claim
may be dismissed as frivolous); cf. Bock, 549 S.Ct. at 215, 127
S.Ct. at 920-21 (when a successful affirmative defense, such as a
statute of limitations, appears on the face of a complaint, a
complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)
for failure to state a claim).   Furthermore, in addition to the Heck
bar and the  statute-of-limitations bar, there are other reasons
that prevent a claim from proceeding which will be discussed below.

**3.  Plaintiff's Claims Against Defendant King.**

In his amended Complaint, Plaintiff claims that Defendant Troy
King, Attorney General of the State of Alabama, deprived him  of due
process, a liberty interest, and a fair trial.   Plaintiff also

contends that King obstructed justice and failed to conduct an investigation. In support of his allegations, Plaintiff avers that Defendant King failed to respond to Plaintiff's notice of fabricated evidence, removed evidence from court, "suppressed" evidence through the district attorney's office, and ignored Plaintiff's innocence and the overwhelming evidence implicating David Lenoir. (Doc. 6 at 4). These allegations against Defendant King are conclusory and vague, and they lack plausibility. Thus, they are subject to dismissal for failure to state a claim. Twombly, 550 U.S. at 556, 127 S.Ct. at 1965; Fullman, 739 F.2d at 556-57.

Additionally, Defendant King, as a prosecutor, is entitled to absolute prosecutorial immunity with respect to Plaintiff's damages claim. Prosecutors are entitled to absolute prosecutorial immunity from damages in a § 1983 action for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. Plaintiff's claims against Defendant King clearly appear to have arisen in connection with King's role as prosecutor. Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995 (1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Fullman, 739 F.2d at 558-59; see also Rolle v. Raysor, 267 Fed. Appx. 925, 926 (11th Cir.) (affirming the dismissal on immunity grounds of the assistant attorney general)

(unpublished), <u>cert. denied</u>, 128 S.Ct. 2509 (2008);[3] <u>Sayles v. Veza</u>, 193 F.2d 895, 1991 WL 65422, at **1 (7th Cir. Apr. 15, 1991) (unpublished) (holding assistant attorney general entitled to absolute immunity as he did not act outside of his authority in prosecuting the State's case on appeal); <u>Fleming v. Dowdell</u>, 434 F. Supp.2d 1138, 1170-71 (M.D. Ala.)(assistant attorney general entitled to prosecutorial immunity for her handling of the state's position in plaintiff's federal court habeas action and for her failure to notify appropriate state officials of the order to release plaintiff), <u>aff'd</u>, 182 Fed.Appx. 946 (11th Cir. 2006). Alternatively, to the extent Plaintiff's claims against Defendant King would have the effect of invalidating Plaintiff's conviction or sentence, they are barred by the <u>Heck</u>.

Additionally, while Plaintiff's allegations regarding the extent of Defendant King's involvement is not clear, Defendant King cannot be held vicariously liable on the basis of <u>respondeat superior</u>. <u>Monell v. Dep't of Social Services of New York</u>, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978) (holding that liability under § 1983 cannot be imposed against an employer or supervisor based solely on the acts of an employee under the theory of <u>respondeat superior</u>. Section 1983 imposes liability only when a person causes injury to another. <u>Id.</u> at 692, 98 S.Ct. at 2036: <u>see</u> <u>Gonzalez v.</u>

---

[3]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

Reno, 325 F.3d 1228, 1234-35 (11th Cir. 2003) ("Supervisory liability . . . occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between action of the supervising official and the alleged constitutional violation."). Inasmuch as Defendant King, as the Alabama Attorney General, is generally not involved in the initial prosecution of a criminal defendant, Plaintiff seems to be attempting to hold Defendant King liable under the theory of respondeat superior considering that some of the claims appear to be based on matters typically related to the initial prosecution of a criminal defendant.

For the foregoing reasons, Plaintiff's damages claims against Defendant King are due to be dismissed as frivolous.

**4. Claims Against Defendants Tyson, Phillips, and Rich.**

Plaintiff has also asserted claims against other prosecutorial officials, namely, John Tyson, District Attorney for Mobile County, Alabama, and Jill Phillips and Ashley Rich, Assistant District Attorneys. The conclusory allegations asserted against these Defendants are very similar to those alleged against Defendant King. Defendants Tyson, Phillips, and Rich are alleged to have deprived Plaintiff of due process, a liberty interest, and a fair trial. Plaintiff also alleges that they obstructed justice and failed to properly investigate. In support of his claims, Plaintiff asserts that "the D.A. office failed to investigate/indict primary suspect;

11

sup[p]ressed evidence; fabricated evidence; removed evidence from court record; gave by-standers in court room handouts for the jury; [and] committed gross perjury." (Doc. 6 at 4). Plaintiff's claims are vague and conclusory and lack plausibility. Accordingly, he has failed to state a claim against these individuals. <u>Twombly</u>, 550 U.S. at 555-57, 127 S.Ct. at 1966; <u>Fullman</u>, 739 F.2d at 556-57.

Additionally, to the extent Plaintiff's claims against these Defendants would have the effect of invalidating Plaintiff's conviction or sentence, they are barred by the <u>Heck</u>. If the <u>Heck</u> bar does not preclude a claim, then the two-year statute of limitations would apply to bar those claims that occurred near Plaintiff's trial. <u>See, e.g.</u>, <u>Wallace</u>, 549 U.S. at 390, 127 S.Ct. at 1096 (finding the statute of limitations begins to run on an unlawful arrest claim at the time the subsequent legal process commences). For example, Plaintiff's claim that handouts were improperly distributed to bystanders would be barred by the two-year statute of limitations because Plaintiff could have brought suit on it when it occurred, which was at or near the completion of Plaintiff's trial in March, 2003. Because Plaintiff did not file this action until April 13, 2007, his claim regarding the improperly distribution of the handouts commenced in March 2003, and is therefore beyond the two year statute of limitations.

Furthermore, these Defendants, while functioning as advocates for the State, are entitled to absolute prosecutorial immunity from

12

Plaintiff's damages claims that arose during their prosecution of Plaintiff.   Imbler, 424 U.S. at 430-31, 96 S.Ct. at 995. Accordingly, Plaintiff's damages claims against Defendants Tyson, Phillips, and Rich are due to be dismissed as frivolous.

**5. Claim Against Defendant Lockett.**

Plaintiff names John R. Lockett, Circuit Court Judge for Mobile, Alabama, as a Defendant.   (Doc. 6 at 4-5).   Plaintiff alleges that Judge Lockett deprived him of due process, a liberty interest, and a fair trial.   He also alleges that Judge Lockett failed to perform his duties and to protect Plaintiff's civil rights and that he denied Plaintiff access to witnesses and evidence.   In support of his assertions, Plaintiff avers that Defendant Lockett "commenced [the] trial denying plaintiff access to witnesses and evidence[;] failed to properly verify stated fraudulent evidence entered into trial [and] allowed evidence [to be] removed from court[; and] enhanced Plaintiff's sentence after agreeing not too." (Id. at 5).

In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'"   Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05 (1978) (quotation omitted); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same).   A judge is entitled to this immunity even though his acts were in error, were malicious, or were

13

in excess of his jurisdiction.  $\underline{Stump}$, 435 U.S. at 356, 98 S.Ct. at 1104.

Although not the model of clarity, Plaintiff's amended Complaint indicates that Defendant Lockett conducted Plaintiff's criminal trial for manslaughter and then imposed a sentence of thirty years' imprisonment.  Conducting trials, ruling on evidentiary issues, and imposing sentences are functions that a judge typically performs in his judicial capacity.  Because Plaintiff's allegations against Defendant Lockett arise in his capacity of handling Plaintiff's criminal trial, the first prong of the $\underline{Stump}$ immunity test, which requires a judge to have acted in his or her judicial capacity, is met.  The next prong of the $\underline{Stump}$ test focuses on whether the judge acted in the "'clear absence of all jurisdiction.'"  $\underline{Simmons}$, 86 F.3d at 1085 (quoting $\underline{Stump}$, 435 U.S. at 357).  An Alabama circuit court judge has exclusive original jurisdiction over all felony prosecutions.  ALA. CODE § 12-11-30(2) (1996). The crime for which Plaintiff was tried and convicted, manslaughter, is a Class B felony.  ALA. CODE § 13A-6-3 (1987). Accordingly, Defendant Lockett was clearly acting within his jurisdiction as a circuit court judge in handling Plaintiff's criminal case. Plaintiff complains that Defendant Lockett erred in his rulings and handling of his criminal case; however, an error by a judge in the handling of a case does not divest a judge of jurisdiction over an action before him or her.  See $\underline{Stump}$, 435 U.S.

14

at 363-64, 98 S.Ct. at 1108-09 (holding that judicial immunity extends to judicial acts that contain error).

Because both prongs of the <u>Stump</u> test are satisfied, Defendant Lockett is entitled to absolute judicial immunity from Plaintiff's damages claims. Plaintiff's damages claims against Defendant Lockett are frivolous as a matter of law and are due to be dismissed. Of course, the <u>Heck</u> decision would also preclude Plaintiff's claims against Defendant Lockett as well.[4]

**6. Claims Against Defendant Garrett and Graves.**

Plaintiff alleges that Phillip M. Garrett, Chief of Police for the City of Mobile, and Curtis Graves, a detective, deprived him of due process, a liberty interest, and a fair trial. Plaintiff also alleges that they obstructed justice and failed in their duties. According to Plaintiff, "the Mobile Police Department destroyed, fabricated and suppressed evidence; committed perjury at trial and pre-trial hearings; and failed to investigate suspects and witnesses." (Doc. 6 at 7). Again, Plaintiff's allegations are vague and conclusory, and lack plausibility. Thus, they do not state a claim upon which relief can be granted. <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965; <u>Fullman</u>, 739 F.2d at 556-57.

Furthermore, Plaintiff's allegations are also precluded by <u>Heck</u> to the extent a favorable ruling on the claims would have the effect

---

[4]The Court has addressed the immunity affirmative defense before addressing the <u>Heck</u> bar, which is the preferred approach. <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 n.3 (11th Cir. 1995).

of invalidating Plaintiff's conviction or sentence.  Plaintiff's claims are also barred by the two-year statute of limitations. Plaintiff's allegations against these Defendants accrued, at the latest, by the end of Plaintiff's trial with his conviction and sentence in March 2003. <u>Cf.</u> <u>Wallace</u>, 549 U.S. at 390, 127 S.Ct. at 1096 (finding the statute of limitations begins to run on an unlawful arrest claim at the time the subsequent legal process commences).  Inasmuch as Plaintiff was convicted in March, 2003, his filing of this action on or about April 13, 2007 occurred beyond the two year statute of limitations.

Moreover, Plaintiff's attempt to hold Defendant Garrett liable based solely on the acts of an employee or a subordinate is not appropriate under § 1983 action. <u>Monell</u>, 436 U.S. at 691, 98 S.Ct. at 2036 (ruling that a municipality cannot be held liable in a § 1983 action under the theory of <u>respondeat</u> <u>superior</u> simply because it employs a tortfeasor).  Section 1983 imposes liability only when a person causes injury to another.  <u>Monell</u>, 436 U.S. at 692, 98 S.Ct. at 2036.  "Supervisory liability . . . occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between action of the supervising official and the alleged constitutional violation[, such as, a] custom or policy." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003).  Inasmuch as Plaintiff has not alleged that Defendant Garrett had any personal involvement in the actions

alleged in Plaintiff's amended Complaint, nor that the employees acted pursuant to a department policy or custom, Plaintiff's claim against Defendant Garrett is frivolous and is due to be dismissed.

Furthermore, no causal connection has been alleged between Defendant Graves and the violation of Plaintiff's constitutional rights.   Section 1983 requires that plaintiffs allege a causal connection in order to state a claim upon which relief can be granted. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664 (1986).  Based Plaintiff has not alleged any action by Defendant Graves in relation to the violation of Plaintiff's constitutional rights, his claims against Defendant Graves are due to be dismissed as frivolous.

**7.  Claims Against Defendant Katrina Brewer.**

Defendant Katrina Brewer, who, according to Plaintiff, is employed as a supervisor at Mobile County Communication District 911, is alleged to have violated Plaintiff's rights to due process, a fair trial, and a liberty interest.  Plaintiff also alleges that Defendant Brewer obstructed justice and failed in her duties. According to Plaintiff, "[she f]abricated evidence and knowingly committed perjury [by] testifying under oath that said evidence was true.  And [she] conspired to frame an actual innocent plaintiff for murder."  (Doc. 6 at 7).

Plaintiff's allegations against Defendant Brewer are vague and

17

fail to show the plausibility necessary for stating a claim upon relief can be granted.  Twombly, 550 U.S. at 556, 127 S.Ct. at 1965; Fullman, 739 F.2d at 556-57.  Moreover, Defendant Brewer is entitled to absolute witness immunity from damages on Plaintiff's claim that Brewer provided false testimony.  Briscoe v. LaHue, 460 U.S. 325, 326, 345, 103 S.Ct. 1108, 1111, 1121 (1983) (finding that the police officer was entitled to absolute immunity from damages for his alleged perjured testimony at trial).  The overriding reason for granting immunity to all witnesses for their testimony at trial is to protect the judicial process from disruption and to allow participants, i.e., judges, prosecutors, and witnesses, to perform without fear of intimidation or harassment.  Id. at 335, 103 S.Ct. at 1115. Given that the undersigned found that the conspiracy claim against Defendant Brewer fails to state a claim, supra, and that the other claims are frivolous, Plaintiff's damages claims against Defendant Katrina Brewer are due to be dismissed as frivolous[5].

**8.  Claims Against Enstice and Brewer.**

Defendant Kathleen Enstice is identified by Plaintiff as a pathologist and Defendant Faron Brewer is identified as a DNA expert.  Plaintiff alleges that they deprived him of due process, a liberty interest, and a fair trial.  He also alleges that they

---

[5]Plaintiff's claims against Defendant Brewer also appear to be barred by the Heck decision and by the two year statute of limitation.

18

obstructed justice, failed in their duties, and were "negligent in a death." (Doc. 6 at 7). According to Plaintiff, these Defendants "[f]abricated evidence, altered evidence and suppressed evidence; committed perjury; [and] conspired to frame an actually innocent person for murder." Id.

Plaintiff's allegations against these two Defendants are vague and conclusory and lack plausibility. Therefore, these claims are subject to dismissal for failure to state a claim. Twombly, 550 U.S. at 556, 127 S.Ct. at 1965; Fullman, 739 F.2d at 556-57. In addition, the two-year statute of limitations would prevent Plaintiff from proceeding with these claims as they appear to have arisen at the very latest, at the end of Plaintiff's trial in March, 2003. Because Plaintiff filed this action on or about April 13, 2007, he filed it beyond the two year statute of limitations, which commenced in March 2003. In addition, these Defendants are entitled to immunity for any testimony they provided during the trial of Plaintiff's criminal case. Briscoe, 460 U.S. at 326, 345, 103 S.Ct. at 1111, 1121.

Furthermore, while Plaintiff appears to allege a claim for "negligence in a death," there is nothing in his amended Complaint that suggests that he has the standing to raise such a claim. See Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324 (1984) ("[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular

issues.  Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights. . . .") (quotation marks and citation omitted).  Accordingly, Plaintiff's damages claims against Defendants Kathleen Enstice and Faron Brewer are due to be dismissed as frivolous.

**9.  Claims Against Defendant Levy and Defendant Tasone.**

Plaintiff alleges that Defendant Jennifer Levy is employed as a paramedic with American Medical Response Ambulance Company, and that Defendant Leroy A. Tasone is employed as a security guard by T-2-F Security at Lafayette Square Apartments.  (Doc. 6 at 8). Plaintiff's claims against Defendants Levy and Tasone are the same claims as those directed to Defendants Enstice and Faron Brewer. That is, Plaintiff alleges that Defendants Levy and Tasone deprived Plaintiff of due process, a liberty interest, and a fair trial.  He also alleges that they obstructed justice and failed in their duties.  Additionally, he alleges that Defendant Levy was "negligent in a death."   With respect to Defendant Levy, Plaintiff alleges that "[she c]onspired to frame an actual innocent plaintiff for murder; committed perjury under oath; was grossly negligent in duties resulting in death; [and] did su[p]press evidence."  (Doc. 6 at 8).  Plaintiff makes the same claims against Defendant Tasone except Plaintiff does not allege that he was involved in a death or the suppression of evidence.

Plaintiff's allegations against Defendants Levy and Tasone are vague and conclusory, and lack plausibility.  These claims are, therefore, subject to dismissal for these reasons.  <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965; <u>Fullman</u>, 739 F.2d at 556-57.  And they are entitled to absolute witness immunity from a claim for damages based on their testimony.  <u>Briscoe</u>, 460 U.S. at 326, 345, 103 S.Ct. at 1111, 1121.

In Plaintiff's allegations against Defendants Levy and Tasone, Plaintiff has failed to proffer any facts which suggest that they acted under color of state law.  It is only through a conspiracy with a state actor that a non-state actor may be found to be acting under color of state law.  <u>Tower v. Glover</u>, 467 U.S. 914, 920, 104 S.Ct. 2820, 2824 (1984).  The undersigned previously determined that Plaintiff has failed to state a claim for conspiracy.  Thus, in the absence of a conspiracy with a state actor, Plaintiff has failed to provide any basis for finding that Defendants Levy and Tasone acted under color of state law.  Accordingly, Plaintiff has failed to state a claim against Defendants Levy and Tasone for this reason as well.  <u>See</u> <u>Parratt</u>, 451 U.S. at 535, 101 S.Ct. at 1913 (ruling that a § 1983 defendant must have acted under color of state law when the alleged deprivation occurred in order to state a § 1983 claim). Accordingly, the claims against Defendants Levy and Tasone are due to be dismissed as frivolous.

**10. Claims Against Defendant Ryan.**

Plaintiff alleges that April Marie Miller Ryan, a babysitter, violated his right to due process, to privacy, and to a liberty interest, and that she obstructed justice.  According to Plaintiff, Defendant Ryan  "conspired to frame actual innocent Plaintiff for murder [and] committed perjury under oath." (Doc. 6 at 8).  For the reasons stated above, the conspiracy alleged against Defendant Ryan fails to state a claim upon which relief can be granted, <u>supra</u>. Moreover, the allegations are vague and conclusory, and they lack plausibility.   Therefore, they do not state a claim upon which relief can be granted.  <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965; <u>Fullman</u>, 739 F.2d at 556-57.

More importantly, Plaintiff's allegations do not show that Defendant Ryan is a person who acts under color of state law.  As noted <u>supra</u>, in order to state a claim under § 1983, a plaintiff must establish that the complained of conduct "was committed by a person acting under color of state law." <u>Parratt</u>, 451 U.S. at 535, 101 S.Ct. at 1913.  The undersigned has previously determined that Plaintiff has failed to state a claim for conspiracy, <u>supra</u>.  In the absence of a conspiracy claim, Plaintiff has failed to allege facts which suggest that Defendant Ryan acted under color of state law. Furthermore, Defendant Ryan is entitled to absolute witness immunity from  damages for a claim based on her testimony. <u>Briscoe</u>, 460 U.S. at 326, 345, 103 S.Ct. at 1111, 1121.  In light of the foregoing, the Court concludes that Plaintiff's claim against Defendant Ryan

is frivolous.

## 11. Claims Against Defendant Dr. Janovski.

Plaintiff alleges that Dr. Janovski is a physician in private practice and that he violated Plaintiff's right to due process, to privacy, and to a liberty interest.  Plaintiff also alleges that he obstructed justice.  According to Plaintiff, Dr. Janovski "alter[ed] medical legal documents [and] aided in conspiracy to frame actual innocent plaintiff."  (Doc. 6 at 8).  Plaintiff's allegations against Defendant Janovski are vague and conclusory and lack plausibility.  Thus, they do not state a claim upon which relief can be granted.  Twombly, 550 U.S. at 556, 127 S.Ct. at 1965; Fullman, 739 F.2d at 556-57.  Moreover, the undersigned has previously determined that Plaintiff has failed to state a claim for conspiracy, supra.  In the absence of a conspiracy claim, Plaintiff has failed to allege facts which suggest that Defendant Dr. Janovski acted under color of state law.  Parratt, 451 U.S. at 535, 101 S.Ct. at 1913 (ruling that § 1983 imposes liability only against "a person acting under color of state law").  Accordingly, the Court finds that the claims against Defendant Janovski are frivolous.

## 12. Claims Against Defendant White.

Plaintiff alleges that John White, who is identified as an attorney in private practice, allegedly deprived him of his right to due process, to  a liberty interest, and to counsel.  Plaintiff also alleges that Defendant White obstructed justice.  According to

Plaintiff, Defendant White "did suppress evidence of photos and investigative report [and] did receive a fee for which only partially provided service and failed to return all or part." (Doc. 6 at 9). Based upon Plaintiff's allegations, the undersigned deduces that Defendant White was Plaintiff's defense counsel in his criminal proceedings. However, in a § 1983 action, criminal defense counsel, either retained or court-appointed, do not act under color of state law in the absence of a conspiracy. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981) (public defender); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir.) (retained counsel), overruled on other grounds by Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979).[6] Given that Plaintiff has not alleged that Defendant White engaged in a conspiracy, Plaintiff has failed to state a claim under § 1983 action, which requires state action. See Parratt, 451 U.S. at 535, 101 S.Ct. at 1913. Plaintiff's claim against Defendant White is thus frivolous and is due to be dismissed.

### 13. Claims Against Defendant Blount.

Plaintiff alleges that Defendant Edward Blount is an attorney who violated his rights to due process, a liberty interest, counsel, and a fair trial. He also alleges that Defendant Blount obstructed

---

[6]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

justice.  According to Plaintiff, Defendant Blount removed "evidence from the Plaintiff's file [and] suppressed evidence."  (Doc. 6 at 9).  For the reasons set forth above, with respect to Plaintiff's claims against Defendant White, Plaintiff's claims against Defendant Blount are likewise due to be dismissed as frivolous for lack of state action.

### C.  Claim for Injunctive Relief.

Plaintiff requests injunctive relief and "any other relief determined appropriate" in addition to his request for damages. The Court addresses the injunctive relief request only because Plaintiff's other request is not specific and the Court cannot discern any other relief that would be available to Plaintiff under the circumstances of this case.  Although Plaintiff is not specific in his request for injunctive relief, the relief that is consistent with his allegations and his assertion of his innocence is release. However, release is in the nature of habeas relief and, therefore, it is not available to Plaintiff in this § 1983 action.  Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).  A claim for injunctive relief in a § 1983 action that challenges the validity of a conviction and seeks release from confinement is simply not recognized in a § 1983 action.  Id.

## IV.  Conclusion.

For the foregoing reasons, it is recommended that Plaintiff's action be dismissed with prejudice prior to service of process

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims either fail to state a claim upon relief can be granted or are frivolous.   See generally Back v. Kitrell, CA 07-0638-KD-M, 2008 WL 5377723, at *11-12 (S.D. Ala. Dec. 16, 2008) (unpublished) (dismissing a § 1983 action based on the defendants' immunity and, then in the alternative, on the Heck bar, and then, on the statute-of-limitations bar).

The attached sheet contains information regarding objections to the Report and Recommendation.

DONE this **15th** day of **May, 2009**.

                         ___/s/ SONJA F. BIVINS_____
                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

 **DONE** this the **15th** day of **May, 2009**.

           /s/Sonja F. Bivins
       **UNITED STATES MAGISTRATE JUDGE**

28