```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
ANDREW JACKSON SMITH            :
AIS # 228252                    :
                                :
     Plaintiff,                 :
                                :
vs.                             : CIVIL ACTION NO. 07-00268-CG-B
                                :
TROY KING, et al.               :
                                :
     Defendants.                :
```

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Andrew Jackson Smith's Motion for Leave to Appeal In Forma Pauperis (Doc. 26). Smith, an Alabama prisoner proceedings pro se, filed this action alleging various violations under 42 U.S.C. Section 1983. Specifically, Plaintiff named numerous Defendants who were allegedly involved in the criminal proceedings that led to his conviction for reckless manslaughter on March 17, 2003, and the imposition of a thirty-year prison sentence. (Doc. 6 at 5). According to Plaintiff,

> D.A. John Tysons office, in conjunction with Det. Curtis Graves and the Mobile Police Dept did conspire to frame the plaintiff; Andrew Smith, an actual and absolutely innocent person for the murder of Celeste Phillips, while refusing to indict David LeNose; whom all the evidence overwhelmingly pointed to as the culprit of the crime. The court continues to facilitate the wrongful incarceration of the plaintiff.

(Id. at 3). In a Report and Recommendation entered on May 15, 2009

(Doc. 18), the undersigned recommended that Plaintiff's action be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915 (e)(@)(B)(i) and (ii) because the claims either fail to state a claim upon which relief can be granted or are frivolous. The Court determined that Plaintiff's conspiracy claims were vague and conclusory and failed to state a claim upon which relief could be granted.  With respect to Plaintiff's claims against Troy King, the Attorney General of Alabama, John Tyson, District Attorney for Mobile County, and Jill Phillips and Ashley Rich, assistant District Attorneys for Mobile County, the court found that Plaintiff's allegations were vague and conclusory and failed to state a claim. The Court also found that these Defendants were entitled to absolute prosecutorial immunity.  Alternatively, the undersigned  determined that the claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  The undersigned also determined that Plaintiff's claims against John Lockett, state court judge, also failed to state a claim because he was entitled to absolute judicial immunity for acts undertaken in his judicial capacity.  The Court also found that Plaintiff's claims against Phillip Garrett, Police Chief for the City of Mobile, Curtis Graves, detective with the City of Mobile Police Department, and Katrina Brewer, supervisor for Mobile Communication District 911, were vague and conclusory, and failed to state a claim, and in the alternative, the claims are barred by the Heck decision.  The

undersigned likewise found that Plaintiffs claims against Kathleen Enstice, a pathologist, and Faron Brewer, a DNA expert, failed to state a claim, and in the alternative, they were barred by the Heck decision and the statute of limitations. Additionally, the Court determined that Plaintiff's claims against April Ryan, a baby sitter, Jennifer Levy, a paramedic, Leroy Tasone, a security guard, Dr. Janovski, a physician in private practice, Edward Blount, an attorney in private practice, and John White, an attorney in private practice, also failed to state a claim because Plaintiff's allegations were vague and conclusory and did not allege that these individuals were acting under color of state law. Accordingly, the undersigned recommended that Plaintiff's action be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims either fail to state a claim upon relief can be granted or are frivolous. See generally Back v. Kitrell, CA 07-0638-KD-M, 2008 WL 5377723, at *11-12 (S.D. Ala. Dec. 16, 2008) (unpublished) (dismissing a § 1983 action based on the defendants' immunity and, then in the alternative, on the Heck bar, and then, on the statute-of-limitations bar).

    Plaintiff filed no objections to the Report and Recommendation, and on June 9, 2009, District Judge Callie Granade entered an Order adopting the Report and Recommendation, and a Judgment dismissing Plaintiff's Complaint. (Docs. 20, 21). Nearly

3

eight months later, in February 2010, Plaintiff filed a Notice of Appeal, and the instant Motion for Leave to Appeal In Forma Pauperis (Docs. 23, 26).

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. 1915(a)(3); Fed. R. App. P. 24(a)(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd*, 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

As a preliminary matter, the undersigned finds that

Plaintiff's appeal is untimely.  Federal Rule of Appellate Procedure 4(a) provides that a notice of appeal must be filed within thirty days after the judgment. Fed. R. App. P. 4(a)(1)(A). The district court, however, may extend the time to file a notice of appeal in a civil case if: (1) a party moves for an extension within 60 days of the judgment to be appealed; and (2) a party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii); <u>Cordell v. Pacific Indem. Co.</u>, 335 Fed. Appx. 956, 2009 U.S. App. Lexis 15117 (11th Cir. 2009). A review of the docket reflects that Plaintiff's Notice of Appeal was filed nearly eight months after the Court's Order adopting the Report and Recommendation and the Judgment were entered in this case. Moreover, Plaintiff did not seek an extension of time to file his Notice of Appeal; thus, his appeal is untimely.

   The undersigned further finds, for the reasons set forth in the Report and Recommendation (Doc. 18), that the issues Plaintiff seeks to raise on appeal, are "without arguable merit either in law or fact," and therefore are not brought in good faith. Accordingly,  the undersigned recommends that Petitioner's Motion for Leave to Appeal In Forma Pauperis (Doc. 26) be denied.

   **DONE** this **1st** day of **April, 2010.**

                              /S/ SONJA F. BIVINS
                         **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS**
**AND RESPONSIBILITIES FOLLOWING RECOMMENDATION**
**AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this the 1st day of April, 2010.

s/Sonja F. Bivins
**UNITED STATES MAGISTRATE JUDGE**